**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CAROLINE J. SMITH, on behalf of herself and others similarly situated,<br><br>  Plaintiffs,<br>v.<br><br>DOROTHY A. BROWN,<br><br>  Defendant. | No._____<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

Plaintiff Caroline J. Smith ("Plaintiff"), for herself and for all others similarly situated, by and through her attorneys, Krislov & Associates, Ltd., brings this class action against Defendant Dorothy A. Brown ("Defendant"), and in support thereof, upon personal knowledge as to herself and upon information and belief as to all other matters, alleges the following:

**I. NATURE OF THE ACTION**

1. This is a class action arising from Defendant's unlawful practice of imposing and collecting court fees from attorneys who have been engaged by clients in eviction proceedings whose court fees have been waived due to the clients' indigency. By imposing and collecting these previously waived fees, Defendant has violated the constitutional rights of private eviction-defense attorneys and their clients.

**II. JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district. Further, Defendant resides in this judicial district for purposes of § 1391.

## III. PARTIES

4. Plaintiff Caroline J. Smith is a citizen of the State of Illinois and resides in Olympia Fields. She is a private eviction-defense attorney who has been forced to pay the previously waived court costs of her indigent clients.

5. Defendant Dorothy A. Brown is the Clerk of the Circuit Court of Cook County, Illinois. Acting under color of state law, she has forced, and continues to force, private eviction-defense attorneys to pay the previously waived court fees of their indigent clients.

## IV. FACTUAL ALLEGATIONS

6. The Forcible Entry and Detainer Act, 735 ILCS 5/9-101 *et seq*., provides a mechanism by which a landlord may legally evict a tenant. Defendants sued under the Act have a right to a jury trial and are entitled to much of the same discovery processes available to any other civil litigant.

7. Approximately 20,000 eviction cases are filed in the Circuit Court of Cook County's Municipal Division every year.

8. Low-income eviction defendants are eligible to have their court fees waived if they meet statutory requirements. Ill. Sup. Ct. R. 298.

9. However, a statutory amendment that was set to become effective July 1, 2019 added the following provision, which would have required attorneys to pay the previously waived court fees of their indigent clients:

> If an attorney files an appearance on behalf of a person whose fees, costs, and charges were initially waived under this Section, the attorney must pay all fees,

>costs and charges relating to the civil action, including any previously waived fees, costs, and charges, unless the attorney is either a civil legal services provider, representing his or her client as part of a court-sponsored pro bono program as defined in Section 5-105.1 of this Code, or appearing under a limited scope appearance in accordance with Supreme Court Rule 13(c)(6).

735 ILCS 5/5-105 (h-10).

10. Although Section H-10 was set to go into effect on July 1, 2019, Defendant began requiring eviction-defense attorneys to pay the previously waived court fees of indigent defendants prior to July 1, 2019.

11. For example, on April 15, 2019, Mary Eason – a defendant in an eviction case brought by the Chicago Housing Authority – was granted a waiver of court fees which stated: "The applicant may participate in this case without payment of fees, costs, or charges including: filing, service or process, publication, mediation, guardian ad litem, or any other court ordered fees as listed in 735 ILCS 5/5-105(a)(1)." *See* 4/15/2019 Order For Waiver of Court Fees, attached hereto as Exhibit A.

12. However, after Ms. Eason subsequently retained Plaintiff to defend her in the eviction suit, Defendant refused to allow Plaintiff to file an appearance in the case because she had not paid Ms. Eason's previously waived court fees. *See* May 22, 2019 Filing Rejection Notice, attached hereto as Exhibit B.

13. In order to represent Ms. Eason in her eviction case, Plaintiff paid her previously waived court fees – under protest – in the amount of $228.92 on June 5, 2019. *See* June 5, 2019 Appearance and Jury Demand, attached hereto as Exhibit C.

14. On May 22, 2019, the Illinois General Assembly repealed the prospective Section H-10 before it could go into effect. Public Act 101-0036. Illinois Gov. J.B. Pritzker approved the repeal on June 28, 2019. *Id*.

3

15. Nevertheless, Defendant has continued enforcing the now-repealed Section H-10 by forcing private eviction-defense attorneys to pay the previously waived court fees of their indigent clients.

16. For example, on July 1, 2019, Plaintiff was required to pay $171.30 in previously waived court fees in order to file an appearance to defend an eviction case for an indigent client. *See* July 1, 2019 Appearance and Jury Demand, attached hereto as Exhibit D.

## V. CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action individually and as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the following class:

> All Illinois private eviction-defense attorneys who have paid and are being required to pay court fees, costs and charges for clients who previously had those fees, costs and charges waived due to indigency, and all eviction defendants who have been or will be subjected to the fee requirement despite being issued fee waivers.

18. This case meets the Rule 23(a) prerequisites:

19. **Numerosity**. Upon information and belief, the members of the class are so numerous that their individual joinder would be impracticable.

20. **Commonality**. There are numerous questions of law and fact that are common to Plaintiffs and all members of the class, including, but not limited to the following:

   a) Whether Defendant unlawfully collected court fees from private eviction-defense attorneys whose indigent clients previously had those fees waived.

   b) Whether Defendant's practice of collecting previously waived court fees violates the equal protection rights of private eviction-defense attorneys.

   c) Whether Plaintiff is entitled to a declaration that Defendant's collection of previously waived court fees is unlawful.

   d) whether Defendant has been unjustly enriched;

   e) whether Plaintiff and class members have suffered damages; and

      f) whether Plaintiff and class members are entitled to equitable relief.

21. **Typicality**. Plaintiff is a member of the class and has claims that are typical of all members of the class. Plaintiff's claims and all class members' claims arise out of the same uniform course of conduct by Defendant and may be remedied under the same legal theories.

22. **Adequacy**. Plaintiff will fairly and adequately represent the interests of the members of the class. Plaintiff has no conflicts of interest with, or interests that are any different from, those of the other class members. Plaintiff has retained competent counsel experienced in class actions of this type and other complex litigation.

23. This case may be maintained as a Rule 23(b)(2) class action for declaratory relief and meets the requirements for a Rule 23(b)(3) damages action:

24. **Predominance**. Common questions of law and fact predominate over questions affecting only individual class members, and the court, as well as the parties, will spend the vast majority of their time working to resolve these common issues.

25. **Superiority**. A class action is superior to all other feasible alternatives for the resolution of this matter. Individual litigation of multiple cases would be highly inefficient, a gross waste of the resources of the court and of the parties, and potentially could lead to inconsistent results that would be contrary to the interests of justice.

26. **Manageability**. This case is well suited for treatment as a class action and can easily be managed as a class action, because evidence of both liability and damages can be adduced, and proof of liability and damages can be presented, on a class-wide basis, while the allocation and distribution of damages to class members would be essentially a ministerial function.

27. Defendant has acted on grounds generally applicable to Plaintiff and class members by uniformly, unlawfully collecting money from them. Accordingly, injunctive relief, as well as legal and/or equitable monetary relief (such as disgorgement and/or restitution), along with corresponding declaratory relief, are appropriate with respect to the class as a whole.

## VI. CAUSES OF ACTION

### COUNT I
### Equal Protection and Due Process
### 42 U.S.C. § 1983

28. Plaintiff incorporates the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

29. Section 1983 states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 USCS § 1983.

30. Defendant's practice of collecting from private attorneys the previously waived court fees of indigent clients violates the Equal Protection clause of the Fourteenth Amendment.

31. Defendant's conduct creates a classification of private eviction-defense attorneys who represent indigent clients. That is, Defendant has singled out attorneys who represent indigent clients as opposed to attorneys who represent clients who can pay their own court fees.

32. Plaintiff seeks a judgment declaring that the unequal application of law pursuant to Defendant's policy, pattern and practice of forcing private eviction-defense attorneys to pay the previously waived court fees of their indigent clients without a rational basis violates the

Equal Protection clause of the Fourteenth Amendment by failing to provide equal treatment to similarly situated individuals.

33. Defendant has also violated Plaintiff's right to Due Process by forcing her to pay fees that have already been waived and that have no basis under color of law.

34. Plaintiff possesses a clearly ascertainable right to be free from the unconstitutional actions set forth above and is currently in need of protection. As detailed above, Plaintiff has raised a fair question concerning the existence of this right.

## COUNT II
### Federal Declaratory Judgment Act
### 28 U.S.C. § 2201, *et seq.*

35. Plaintiff incorporates the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

36. The Federal Declaratory Judgment Act provides in relevant part:

> In a case of an actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief could be sought.

28 U.S.C. § 2201(a).

37. As set forth above, there is a real and actual controversy between Plaintiff and Defendant on whether private eviction-court attorneys may be required to pay the previously waived court fees of their indigent clients.

38. The controversy between Plaintiff and Defendant is thus real and substantial and demands specific relief through a decree of a conclusive character.

39. Accordingly, Plaintiff seeks a declaratory judgment decreeing that Defendant may not require attorneys to pay the previously waived court fees of their indigent clients.

## COUNT III
### Unjust Enrichment

40. Plaintiff incorporates the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

41. Defendant's collection and retention of previously waived court fees benefits violates the fundamental principles of justice, equity, and good conscience.

42. As a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, including but not limited to the actual amounts of previously waived court fees that private eviction-defense attorneys were forced to pay on behalf of their indigent clients.

## VII. JURY DEMAND

43. Plaintiff and members of the class request a jury trial.

## VIII. PRAYER FOR RELIEF

44. Plaintiff, for herself and for all members of the class, respectfully requests that this Court:

   a) Certify the class as requested herein, appoint Plaintiff as Class Representative and her selection of counsel, Clinton A. Krislov of Krislov & Associates, Ltd. as Class Counsel, and order class-wide relief;

   b) Adjudge and decree that Defendant has engaged in the conduct alleged herein;

   c) Enjoin and restrain Defendant and her officers and agents from continuing or engaging in similar conduct as alleged herein;

   d) Order that Defendant pay restitution to Plaintiff and the class which would restore Plaintiff and the class to the financial position they would have been in absent Defendant's unlawful conduct;

   e) Order that Defendant pay any statutory damages as a result of her unlawful conduct;

8

f) Order that Defendant pay any compensatory damages as a result of her unlawful conduct;

g) Order that Defendant pay punitive damages as a result of her unlawful conduct;

h) Order that Defendant pay interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action;

i) Order Defendant to identify victims of her unlawful conduct;

j) Order that Defendant is financially responsible for notifying all members of the class of the unlawful conduct set forth herein;

k) Award attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

l) Grant all other such relief as the Court deems necessary and proper.

Dated: August 2, 2019

Respectfully submitted,

By: /s/ Clinton A. Krislov
*Attorney for Plaintiff*

Clinton A. Krislov
Christopher M. Hack
KRISLOV & ASSOCIATES, LTD
20 North Wacker Drive, Suite 1300
Chicago, Illinois 60606
(312) 606-0500
Firm ID: 91198